IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50864
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

REAL PROPERTY LOCATED AT 1258
HIGUERA ROAD, SAN ELIZARIO,
TEXAS, WITH ALL APPURTENANCES AND
IMPROVEMENTS THEREON; ET AL.,

                                        Claimants,

BENJAMIN CHAGOYAN; GUADALUPE CHAGOYAN,

                                        Claimants-Appellants.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-94-CV-386
- - - - - - - - - -
September 16, 1997
Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Benjamin Chagoyan and Guadalupe Chagoyan appeal the denial

of their "Motion to Rescind Agreement and for the Restitution of

Real Property" filed in the instant forfeiture proceeding, 21

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

U.S.C. § 881.  On appeal, they argue (1) that there was no evidence of wrongdoing on their part and, therefore, the Government was without authority to take their property; (2) that they failed to receive any consideration for surrendering their interest in the subject property; and (3) that the stipulation agreement for compromise settlement should be rescinded because it was signed without any understanding of its contents inasmuch as the document was in English and they read and understand Spanish only.

The Chagoyans' motion to rescind, being construed as a Fed. R. Civ. P. 60(b)(1) motion, was filed more than one year after the entry of the order on the stipulation agreement and, therefore, was untimely.  Because the Chagoyans' motion was not timely filed, the district court lacked jurisdiction to entertain it.  United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

In any event, the Chagoyans' brief wholly fails to meet the requirements for preserving issues on appeal.  Fed. R. App. P. 28(a)(4).  This appeal presents no issue of arguable merit and is thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.